UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

WILLIAM DONNELL,

    Plaintiff,

v.                                  Case No.  2:11-CV-631-FtM-99DNF

LEE COUNTY PORT AUTHORITY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Lee County Port Authority's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 20) and Plaintiff's Response in opposition (Dkt. 23).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted and this action dismissed, with prejudice.

## BACKGROUND

According to Plaintiff's first amended complaint, at all material times prior to October 13, 2009, he was employed by Defendant Lee County Port Authority ("LCPA") as a day-shift technical crew chief.  On October 13, 2009, LCPA demoted Plaintiff to a back-shift trades worker, which was a ten percent pay cut, following anonymous complaints that Plaintiff cursed, used a racial slur, and demeaned his co-workers.  In addition to his demotion, Plaintiff was suspended for three days.

Plaintiff filed the instant action because he alleges that LCPA's conduct deprived him of his constitutionally protected right to equal protection. Plaintiff also alleges due process violations and a first amendment claim.

Although not a model of clarity, Plaintiff's claims stem from his belief that as a "public employee" under Fla. Stat. section 447.203(3), he is guaranteed a property interest in his employment such that he can be dismissed only for cause following a grievance hearing. Plaintiff's amended complaint also alleges that as a non-unionized employee, he should be given the same property interest in his public employment as LCPA grants to unionized employees.

LCPA moves to dismiss Plaintiff's claims, with prejudice, for their failure to state a plausible claim under Fed. R. Civ. P. 12(b)(6). LCPA argues that Plaintiff, an at-will employee under Florida law, does not have a property interest in his public employment. LCPA also argues that Plaintiff's remaining constitutional claims fail as a matter of law.

**MOTION TO DISMISS STANDARD**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in

the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims").  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

### I.     Plaintiff's Due Process Claim

Plaintiff's due process claim alleges that the Court should declare that all non-unionized public employees have a "protected property interest in their public employment, of which they cannot be deprived . . . without due process of law." (Dkt. 14).  Plaintiff contends that all public employees in Florida have a property interest in their employment as a matter of law.

LCPA moves to dismiss this claim, with prejudice, because the law is clear that non-unionized public employees do not have a constitutionally protected property interest; public employees in Florida are at-will.

Plaintiff's due process claim was addressed in *Laney v. Hospital Board of Directors of Lee County*, 2010 WL 5161367 (M.D. Fla. Dec. 14, 2010).  The plaintiff in *Laney* made

nearly identical arguments with respect to her contention that she enjoyed a property interest in her employment as a public employee. Like Plaintiff, she was a public, non-unionized employee. The court explained, in detail, why the plaintiff's claim failed as a matter of law and why Fla. Stat. sections 447.209 and 447.401 did not apply to the plaintiff, a non-unionized employee. The Court need not repeat that reasoning here.

In sum, Plaintiff's due process claim fails to state a plausible claim as a matter of law because Plaintiff, an at-will employee, cannot demonstrate that Florida law provided him a property interest in his employment. It is undisputed that there is no collective bargaining agreement governing the parties' relationship.

Accordingly, Plaintiff's due process claim is dismissed with prejudice.

## II.    Plaintiff's Equal Protection Claim

Plaintiff's equal protection claim alleges that he and other non-unionized LCPA employees are denied equal protection because LCPA's unionized employees have in place a grievance policy "limiting employee discipline to . . . just cause and making suspensions without pay, involuntary demotions, and dismissals subject to arbitration" and this grievance policy is not available to LCPA's non-unionized employees.

LCPA moves to dismiss this claim because it is well-established that non-bargaining unit employees are not similarly situated as bargaining unit employees. The Court agrees. As LCPA points out, the Eleventh Circuit held that unionized employees enjoy a unique status in the workplace as evidenced by the collective bargaining agreement. *Marshall v. Western Grain Co., Inc.*, 838 F.2d 1165, 1170 (11th Cir. 1988). As a result of this status, unionized employees and non-unionized employees are never similarly situated. *Id.* Thus,

Plaintiff's claim that he was denied equal protection fails because no rational basis is required for the difference in treatment.

Accordingly, Plaintiff's equal protection claim is dismissed with prejudice.

### III. Plaintiff's First Amendment Claim

Plaintiff's first amendment claim, while vague, appears to allege that LCPA's policy of granting a grievance procedure to its unionized employees, while not providing such a procedure to its non-unionized employees, burdens Plaintiff's right not to associate with a union.

LCPA moves to dismiss this claim, with prejudice, because it is undisputed that LCPA has not taken any action to force Plaintiff to join a union against his will. Plaintiff also does not allege such a claim. Rather, Plaintiff appears to bootstrap this claim on his other constitutional claims and contends, in a conclusory fashion, that his right not to associate with a union is burdened.[1]

The Court agrees that this claim is not plausible, as a matter of law. In short, Plaintiff cannot demand that LCPA grant him the benefits granted to unionized employees. Plaintiff, like other public employees in Florida, is free to start a union and receive the benefits and burdens inherent in a collective bargaining agreement. Here, Plaintiff chose not to join a union. He cannot now claim that his first amendment right not to associate was affected because he did not receive the benefits he would have received had he joined a union.

Accordingly, Plaintiff's first amendment claim is dismissed with prejudice.

---

[1] Plaintiff's response in opposition further confuses the issues and does not shed any light on Plaintiff's claims.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Lee County Port Authority's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 20) is GRANTED.

2. Plaintiff's amended complaint is dismissed with prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gundlach\2-11-cv-631.mtdismiss20.wpd